IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**ERIKA E. WALKER**
116 Woodview Drive
Cottage Grove, WI 53527

      Plaintiff,

v.

**J.H. FINDORFF & SON INC.**
300 S. Bedford Street
Madison, WI 53703

      Defendant.

Case No.: 21-cv-420

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Erika E. Walker, through her attorneys, Hawks Quindel, S.C., by Colin B. Good, for her Complaint against the Defendant, J.H. Findorff & Sons, Inc., states and alleges as follows:

### NATURE OF ACTION

1. Plaintiff, Erika E. Walker, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12132, *et seq.* ("Title VII") and the Civil Rights Act of 1866 and alleges discrimination and harassment based on her race and national origin as well as retaliation.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under Title VII and Section 1981.

3.      Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 12117(a), 2000e-5(f)(3) because all acts or omissions giving rise to this claim occurred in this district.

4.      The Court has personal jurisdiction over Defendant, J.H. Findorff & Son, Inc., because Defendant's principal offices are located in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff filed a Complaint of Discrimination with the State of Wisconsin Equal Rights Division ("ERD") on August 27, 2019. Pursuant to the work-sharing agreement between the ERD and the United States Equal Employment Opportunity Commission ("EEOC"), the ERD initiated and completed a six (6) month investigation into Ms. Walker's allegations.

6.      On April 7, 2020, the ERD issued its Initial Determination of "Probable Cause" indicating that it found a preponderance of evidence upon which to support an initial determination that Defendant violated the Wisconsin Fair Employment Act ("WFEA").

7.      On March 22, 2021, Ms. Walker withdrew her complaint from the ERD and requested a Notice of Right to Sue from the EEOC. Ms. Walker received the letter, dated March 31, 2021. This action is brought within ninety (90) days after receipt of said Notice. A true and correct copy of the Right to Sue letter is attached hereto as **Exhibit A**.

## PARTIES

8. Plaintiff, Erika Walker ("Ms. Walker"), is an adult resident of the State of Wisconsin residing at 116 Woodview Drive, Cottage Grove, Wisconsin 53527.

9. Defendant, J.H. Findorff & Son, Inc. ("Findorff"), is a Wisconsin corporation and building contractor with its principal place of business in Madison, Wisconsin.

## FACTUAL ALLEGATIONS

10. Ms. Walker declares her national origin as Mexican, her race as Hispanic, and that she opposed unlawful discrimination in the workplace.

11. Ms. Walker began working for Findorff as a Business Systems Analyst on June 18, 2018.

12. Findorff hired Ms. Walker to test, document, and create training documents for CMIC software but did not give her the proper training on the software or company policies and procedures in order to do so.

13. On July 12, 2019, Deana Turner, Findorff's Director of Project Management, referred to Ms. Walker as "Inez", the only other Latina employee in the office, during a meeting.

14. That same day, Ms. Walker sent an email to Findorff's Chief Financial Officer and her supervisor, Tim Stadelman, and representatives from Findorff's Human Resources Department, Renee Boyce and Jennifer LaBerge, stating, in part (all *sic*):

> "This email is extremely hard for me to write today as I am extremely emotional about what happened and I would want for your department

3

> to have this in your records. I am extremely afraid that by saying something about it, could result in the elimination of my position, or perhaps a way to categorize me in a negative way and/or get retaliation in return, but still I fee that I must make you aware of it. While I attended a meeting at the main office, I was called someone else's name by someone who I had had meetings in the past. This would not have been a big deal if I was call Melissa, Nancy, Liz, Bridget, Emily, E, etc. but the fact that I was called Inez did affect me. Inez and I look nothing like each-other, we do not work in the same department, and the only thing that we have in common is our race/cultural background/nationality. Calling me Inez cam across offensive, which can be part of an unconscious bias, cross-race-effect, casual-racism as calling me someone else's name because of their race/culture, but no matter what, this affected me. The worse part, is that I didn't even receive an apology, and I do not think anyone gave it a second thought because they do not come from a minority background and do not struggles with issue like this every day . . . .

15. On July 15, 2019, Ms. Walker met with Ms. Boyce and Mr. Stadelman to discuss her complaint.

16. During this meeting, Ms. Boyce asked Ms. Walker why she had not corrected Ms. Turner when she had called her "Inez."

17. Ms. Walker explained that, in her culture, she was raised not to question or embarrass any authorities figures, including her supervisors, in public.

18. Ms. Boyce then explained that Ms. Walker was in the United States now and that she needed to be more aggressive or fast-thinking in the business world.

19. Soon thereafter, Findorff cut-off or restricted Ms. Walker's access to different software applications without providing any advance notification or warning.

20. Indeed, cutting off Ms. Walker's access followed a general pattern in which Findorff failed to provide her adequate training and access to its software and procedures in order for her to perform her job sufficiently.

21. For seven or more months, Ms. Walker would request assistance with the company's software or internal policies and procedures, but would receive dismissive or negative comments from her co-worker, Karen Gill, who worked with her on software testing, data evaluation, and the creation of analytical reports.

22. Indeed, although Ms. Gill was not Ms. Walker's manager, she took it upon herself to micromanage her work and constantly found fault with Ms. Walker's efforts.

23. Ms. Walker had reported Ms. Gill's behavior to Mr. Stadelman in March of 2019 but he never addressed her concerns formally.

24. On August 12, 2019, Ms. Turner restricted Ms. Walker's use of paid-time off to care for her son. Ms. Walker had previously used approved medical leave to care for her son and paid-time-off for her own needs, which she would make-up through flextime. Ms. Turner instructed Ms. Walker that she would now need to use four-hour blocks to care for her son.

25. On August 14, 2019, Ms. LaBerge and Ms. Turner called Ms. Walker into a hastily scheduled meeting and informed her that her position was being redesigned. They indicated that she would need to reapply for the redesigned position, which would be posted internally and externally, and there was no guarantee that she would get the job.

26. Ms. LaBerge and Ms. Turner also indicated that Ms. Walker could resign and accept a meager severance package if she did not feel as though she would be a good fit for the new position.

27. Ms. Walker was constructively discharged as a result of the severe and pervasive pattern of harassment, discrimination, and retaliation.

28. During the time period between January 1, 2018, and October 1, 2019, Findorff employed 249 Caucasian employees in a variety of positions. There were only 10 Latino or Hispanic employees during this same time period, all but one or two of which were youth apprentices or co-op employees who only worked between four and seven months each.

### PLAINTIFF'S FIRST CAUSE OF ACTION:
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### 42 U.S.C. § 2000e, *et seq.*

29. Ms. Walker re-alleges and re-incorporates each and every allegation contained in the preceding paragraphs of this Complaint.

30. Findorff, through its employees and agents, constructively discharged Ms. Walker's employment because of her race (Hispanic) and national origin (Mexican) and because of her opposition to discrimination against herself.

31. The termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, causing Ms. Walker damages that continue to accrue.

## PLAINTIFF'S SECOND CAUSE OF ACTION:
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq.*

32. Ms. Walker re-alleges and re-incorporates each and every allegation contained in the preceding paragraphs of this Complaint.

33. Ms. Walker engaged in protected activities when she filed a complaint with Human Resources and Mr. Stadelman.

34. Ms. Walker suffered an adverse employment action when Findorff constructively discharged her.

35. Ms. Walker's termination was causally connected to her engagement in protected activities and was taken in retaliation for same.

36. The termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, causing Ms. Walker damages that continue to accrue.

## PLAINTIFF'S THIRD CAUSE OF ACTION:
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq.*

37. Ms. Walker re-alleges and re-incorporates each and every allegation contained in the preceding paragraphs of this Complaint

38. Findorff fostered a hostile work environment in which Ms. Walker was subjected to severe and pervasive harassment, including discriminatory intimidation, ridicule, and insults.

39. Ms. Walker's work environment was both subjectively and objectively offensive; one that a reasonable person would find hostile or abusive.

40. The harassment Ms. Walker endured was based on her membership in a protected class and was known to Findorff.

## PLAINTIFF'S FOURTH CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1981.

41. Ms. Walker re-alleges and re-incorporates each and every allegation contained in the preceding paragraphs of this Complaint.

42. By constructively discharging Ms. Walker because of her race and national origin, Findorff has deprived Ms. Walker of the full and equal benefit of all laws, in violation of 42 U.S.C. § 1981.

43. Findorff's conduct has caused Ms. Walker damages that continue to accrue.

**WHEREFORE,** Plaintiff demands judgment against Defendant and prays for the following relief:

A. Damages equal to the amount of wages, salary, employment benefits, and other compensation denied or lost to Ms. Walker as a result of Defendant's discriminatory conduct, together with interest thereon;

B. Compensatory and punitive damages for past and future losses resulting from the unlawful employment practices, including emotional pain and suffering;

C. Ms. Walker's costs in this action, including her reasonable attorney's fees, litigation expenses, and costs; and

D.  Such other legal and equitable relief as the Court deems just and proper, including reinstatement to the position in which Ms. Walker would now be employed but for the unlawful termination.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 28th day of June, 2021.

> **HAWKS QUINDEL, S.C.**
> *Counsel for Plaintiff, Erika Walker*
>
> By: */s/ Colin B. Good*
> Colin B. Good, State Bar No.: 1061355
> Email: cgood@hq-law.com
> 409 East Main Street
> Post Office Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: (608) 257-0040
> Facsimile: (608) 256-0236